## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

UNITED STATES OF AMERICA　　　　　:

　　　　　　　　　　　　　　　　　:

　　　v.　　　　　　　　　　　　　:　　CRIMINAL NO. 4:26-CR-___

　　　　　　　　　　　　　　　　　:

　　　　　　　　　　　　　　　　　:　　VIOLATIONS: 18 U.S.C. § 2

　　　　　　　　　　　　　　　　　:　　　　　　　　18 U.S.C. § 201

MOHAMMAD GHOURI　　　　　　　:　　　　　　　　18 U.S.C. § 1343

　　　　　　　　　　　　　　　　　:　　　　　　　　18 U.S.C. § 981(a)(1)(C)

　　　　　　　　　　　　　　　　　:　　　　　　　　18 U.S.C. § 982(a)(7)

_____　:　　　　　　　　28 U.S.C. § 2461(c)

## THE GRAND JURY CHARGES:

### INTRODUCTION

1.　　　The Veterans Benefits Administration (VBA) is an agency of the United States Department of Veterans Affairs (VA). It is responsible for administering the VA's programs that provide financial and other forms of assistance to eligible veterans, dependents, and survivors, including VA's disability compensation program.

2.　　　Under Title 38, United States Code, Chapter 11 – the "VA Disability and Compensation Program" – the United States provides monthly, tax-free payments to veterans who have been disabled by injuries or diseases incurred or aggravated during active military service. The compensation is based on the degree of disability, which can range from 0 percent to 100 percent. The program is designed to support veterans with disabilities that can impact their daily lives and earning capacity, ensuring they receive fair compensation for their service-connected disabilities.

3.　　　The claims process for benefits under "VA Disability and Compensation Program" is a multi-step process involving five key steps:

a.  The veteran submits a compensation claim through either (1) an online intake system, which, when completed, creates a fully developed claim (FDC) that includes all claim application questions, relevant medical information, current contact information, and completed disability benefit questionnaires (DBQs); or (2) a paper Form 21-526EZ Application for Disability Compensation and Related Compensation Benefits through a regional office, mailed through the U.S. Postal Service, or faxed to the VA.

b.  A Veterans Service Representative (VSR) reviews the veteran's claim and determines if additional information is required or if a compensation and pension ("C&P") disability examination can be scheduled. A VA employee or a VA-contracted physician may send a letter or call the veteran to schedule the exam as part of the evidence-gathering stage of the process.

c.  In most cases, VA requires a veteran to attend a C&P exam, where supplemental information is collected by a licensed health professional and provided to VBA to help adjudicate the veteran's claim. These C&P exams are typically conducted by third-party contractors, such as Optum Serve, who, in turn, contract with healthcare providers who conduct the C&P examinations. Upon completion of the C&P exam, the medical professional reviews the veteran's medical records and completes a DBQ. The DBQ is submitted to the VA and added to the veteran's electronic file within VA's Veterans Benefits Management System (VBMS).

   i.  Alternatively, under 38 U.S.C § 5125, a report of a medical examination administered by a private, non-VA affiliated physician that is provided by

2

the claimant in support of a claim for benefits may be accepted. VA values evidence from a veteran's private treatment provider(s) because they are familiar with the veteran's medical history, often over a long period of time. In October 2010, VBA implemented the use of DBQ forms to help speed the processing of veterans' claims for disability compensation and pension benefits. The questionnaires cover a full range of medical conditions and relate to a specific type of disability or part of the body. Publicly available questionnaires are completed by non-VA medical providers selected by the veteran, whereas internal questionnaires are used by VA medical providers. The Isakson and Roe Veterans Health Care and Benefits Improvement Act of 2020, Section 2006 instructed VA to make DBQ forms available in a central location on VA's public website. VA will not pay or reimburse any expenses or costs incurred in the process of completing and/or submitting DBQs from their non-VA-affiliated provider.

d.  A veteran's entire claim file is sent to the Rating Veteran Service Representative (RVSR), who reviews the veteran's entire application, medical records, supporting documents, C&P results, and any other supporting information to decide on the veteran's claim.

e.  VBA then issues a rating decision on the veteran's claim and sends out a decision notification packet with details of the decision.

4.  A nexus letter is a formal letter written by a healthcare professional that establishes a clear link between a veteran's current medical condition and their military service.

3

5.     A Lay or Witness Statement, usually referred to as a "buddy statement," is a written, firsthand statement to support someone else's VA claim. They are written by someone who has direct, personal knowledge of the veteran's condition or the service-related incident that caused the condition. Although VBA does not require such letters, they can be beneficial in corroborating a veteran's disability claim.

6.     At all times relevant to this indictment, **MOHAMMAD GHOURI** was a medical doctor who practiced medicine at 2032 Wynnton Road, Suite D, Columbus, GA 31906. **MOHAMMAD GHOURI** was onboarded with Optum Serve to provide contracted C&P examinations on or about May 3, 2018, and has since performed approximately 32 C&P examinations for Optum Serve since. From February 1, 2017, until February 27, 2026, VBA received approximately 692 private DBQs for 418 unique veterans that listed Mohammad **GHOURI** as the examiner, meaning that these visits were not contracted by VBA and the veterans sought out **MOHAMMAD GHOURI** on their own.

7.     Unindicted co-conspirators (UCC) #1 and #2 were, at all times relevant to the indictment, employed by **GHOURI** and any of their acts set forth herein were undertaken at his direction in furtherance of the activity described herein.

## COUNT ONE

### Bribery

Paragraphs 1-6 of the introduction are incorporated herein by reference.

On or about October 29, 2025, in the Columbus Division of the Middle District of Georgia and elsewhere within this Court's jurisdiction, the defendant,

**MOHAMMAD GHOURI,**

4

while acting as a public official, to wit: a person acting for and on behalf of the VBA, an agency of the United States, did directly and corruptly seek a thing of value, to wit: a sum of United States Currency personally in exchange for committing and colluding in a fraud and making an opportunity for the commission of a fraud on the United States, by providing false written information to VBA in the form of a nexus letter including false statements regarding Witness 1, whose identity is known to the Grand Jury, and his purported disabilities, in particular that Witness 1 suffered from tinnitus which was likely not due to the hazardous noise exposure during active military service.

All in violation of Title 18, United States Code, Section 201(b)(2).

### COUNT TWO
### Attempted Wire Fraud

Paragraphs 1-7 of the introduction are incorporated herein by reference.

Beginning sometime before November 17, 2022, and continuing until on or about February 9, 2026, in the Columbus Division of the Middle District of Georgia and elsewhere within this Court's jurisdiction, the defendant,

**MOHAMMAD GHOURI,**

devised a scheme to defraud The Veterans Benefits Administration (VBA), an agency of the United States Department of Veterans Affairs (VA), and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

It was part of the scheme that **GHOURI** would and did suggest to private patients and patients referred to him through contract services offered by the VBA that they pay him sums of United States Currency in order to have him prepare documents such as nexus letters falsely claiming service-related injuries and conditions in order to attempt to fraudulently establish entitlement to or an increase in the benefits paid to certain veterans.

5

Beginning sometime before November 17, 2022, and continuing until on or about February 9, 2026, for the purpose of executing the scheme and attempting to do so, **GHOURI**, aided and abetted by UCC #1 and UCC#2, did transmit and caused to be transmitted by means of wire communication in interstate commerce certain writings, signals, pictures and sounds for the purpose of executing and attempting to execute such scheme and artifice. In particular, **GHOURI** would and did send emails and text messages and cause UCC #1 and UCC #2 to send emails and text messages on his behalf so that the veterans would receive the false documentation they had paid for to support their claims. **GHOURI** also participated in telephone calls with veterans in which he counseled them on the next steps they needed to engage in in order to perpetrate the fraud. These steps included certain false statements that he coached veterans to make to other healthcare providers and suggestions that they solicit false "buddy statements" to support their claims.

All in violation of Title 18, United States Code, Sections 2 and 1343.

## FORFEITURE NOTICE
### (18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(7), and 28 U.S.C. § 2461(c) – Criminal Forfeiture)

1. The allegations contained in Counts One and Two of this Indictment are hereby re-alleged and incorporated by reference into this Notice for the purpose of alleging forfeiture to the United States of America, pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), in conjunction with Title 28, United States Code, Section 2461(c); and/or Title 18, United States Code, Section 982(a)(7).

2. Upon conviction of the offense(s) in violation of Title 18, United States Code, Section 201(b)(2) set forth in Count One; and/or Title 18, United States Code, Sections 1343 set forth in Count Two of this Indictment, the defendant,

**MOHAMMAD GHOURI,**

6

shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 981(a)(1)(C), in conjunction with Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s); and/or any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense(s), pursuant to Title 18, United States Code, Section 982(a)(7), including, but not limited to, a money judgment in an amount to be determined.

3.    If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a)    cannot be located upon exercise of due diligence;

(b)    has been transferred, sold to or deposited with, a third person;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be subdivided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) through Title 18, United States Code, Section 981(a)(1)(C), and Title 18, United States Code, Section 982(b)(1).

All pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982, and 28 U.S.C. § 2461(c).

7

A TRUE BILL.

*s/ Foreperson of the Grand Jury*
FOREPERSON OF THE GRAND JURY

WILLIAM R. KEYES
UNITED STATES ATTORNEY

Presented by:

Leah E. McEwen
ASSISTANT UNITED STATES ATTORNEY

Filed in open court this _____ day of May 2026.

Deputy Clerk

8